# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARTHUR LITTLEFIELD, JR., | 1:06cv1530 OWW DLB |
| Plaintiff, | ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND |
| v. | |
| FRESNO COUNTY SUPERIOR COURT CLERK'S OFFICE, et al., | |
| Defendants. | |

Plaintiff Arthur Littlefield, Jr., ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action.  Plaintiff filed his complaint on October 27, 2006, and names the Fresno County Superior Court Clerk's Office and the Director of Operations of the Fresno County Superior Court as Defendants.

## DISCUSSION

A.    Screening Standard

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2); 28 U.S.C. § 1915(e)(2).  If the Court determines that the complaint fails to

1

Dockets.Justia.com

1  state a claim, leave to amend may be granted to the extent that the deficiencies of the complaint

2  can be cured by amendment.  Lopez v. Smith, 203 F.3d 1122 (9th Cir. 2000) (en banc).

3  B.    Failure to State a Claim

4       A complaint, or portion thereof, should only be dismissed for failure to state a claim upon

5  which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in

6  support of the claim or claims that would entitle him to relief.  See Hishon v. King & Spalding,

7  467 U.S. 69, 73 (1984), citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also Palmer v.

8  Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing a

9  complaint under this standard, the court must accept as true the allegations of the complaint in

10 question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the

11 pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor.

12 Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

13 C.    Plaintiff's Allegations

14      Plaintiff has filed a civil rights action pursuant to 42 U.S.C. § 1983.  He names the Fresno

15 County Superior Court Clerk's Office and the Director of Operations of the Fresno County

16 Superior Court as Defendants.  He appears to allege that due to Defendants' "erroneous record

17 keeping," he was subject to a probation search when, in fact, he was not on probation at the time

18 of the search.  Complaint, at 3.  Although he mentions his Fourth Amendment rights, he does not

19 appear to complaining of a constitutional violation.  Rather, his claim seems to be one for

20 negligence and is focused on the allegedly erroneous record keeping of the Defendants.  He

21 requests $500,000 in damages, $500,000 in punitive damages, and $500 for every day that the

22 probation hold was in place (155 days).

23 D.    Section 1983 Claims

24      The Civil Rights Act under which this action was filed provides:

25           Every person who, under color of [state law] . . . subjects, or causes
             to be subjected, any citizen of the United States . . . to the
26           deprivation of any rights, privileges, or immunities secured by the
             Constitution . . . shall be liable to the party injured in an action at
27           law, suit in equity, or other proper proceeding for redress.

28

42 U.S.C. § 1983.  The statute plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See Monell v. Department of Social Services, 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976).  The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made."  Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  In order to state a claim for relief under section 1983, plaintiff must link each named defendant with some affirmative act or omission that demonstrates a violation of plaintiff's federal rights.

Here, Plaintiff simply names the Fresno County Superior Court Clerk's Office and the Director of Operations of the Fresno County Superior Court as Defendants.  In a conclusive manner and without factual explanation, he alleges that Defendants engaged in "erroneous record keeping."  Complaint, at 3.  Conclusory allegations, unsupported by facts, are insufficient to support a cause of action under the civil rights statute.  Sherman v. Yakahi, 549 F.2d 1287, 1290 (9th Cir.1977).  Plaintiff also fails to name any specific individuals, and fails to allege and link any individuals with an affirmative act or omission.  At best, Plaintiff advances a theory of negligence, which is insufficient to state a claim under section 1983.[1]

Plaintiff's complaint is therefore DISMISSED for Plaintiff's failure to adequately state a claim under section 1983.  Plaintiff is GRANTED LEAVE TO AMEND to attempt to cure the above deficiencies.  Plaintiff shall file his amended complaint within thirty (30) days of the date of service of this order.

---

[1] To the extent Plaintiff is attempting to challenge his conviction, or raise a constitutional challenge which could entitle him to an earlier release, his sole federal remedy is a writ of habeas corpus.  Preiser v. Rodriguez, 411 U.S. 475 (1973); Young v. Kenny, 907 F.2d 874 (9th Cir. 1990).  Moreover, when seeking damages for an allegedly unconstitutional conviction or imprisonment, "a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254."  Heck v. Humphrey, 512 U.S. 477, 487-88 (1994).  "A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983."  Id. at 488.

1    Plaintiff is advised that the Court cannot refer to a prior pleading in order to make

2    Plaintiff's amended complaint complete.  Local Rule 15-220 requires that an amended complaint

3    be complete in itself without reference to any prior pleading.  This is because, as a general rule,

4    an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57

5    (9th Cir. 1967).  Once Plaintiff files an amended complaint, the original pleading no longer

6    serves any function in the case.  Therefore, in an amended complaint, as in an original complaint,

7    each claim and the involvement of each defendant with respect to Plaintiff's alleged injuries must

8    be sufficiently alleged.

9    Plaintiff is further advised that failure to file an amended complaint consistent with this

10    order may result in dismissal of the action.

11

12    IT IS SO ORDERED.

13    **Dated:    November 9, 2006**                        **/s/ Dennis L. Beck**

14    3b142a                                        UNITED STATES MAGISTRATE JUDGE

15

16

17

18

19

20

21

22

23

24

25

26

27

28