# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| ARTHUR LITTLEFIELD, JR., | ) | 1:06cv1530 OWW DLB |
| | ) | |
| Plaintiff, | ) | ORDER GRANTING MOTION FOR EXTENSION OF TIME |
| v. | ) | ORDER DENYING PLAINTIFF'S REQUEST FOR DISCOVERY |
| FRESNO COUNTY SUPERIOR COURT CLERK'S OFFICE, et al., | ) | (Document 11) |
| Defendants. | ) | |

Plaintiff Arthur Littlefield, Jr., ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this action. Plaintiff filed his complaint on October 27, 2006.

On November 13, 2006, the Court dismissed the complaint with leave to amend and ordered Plaintiff to file an amended complaint within 30 days. On December 18, 2006, Plaintiff was granted a sixty 60 day extension of time within which to file his amended complaint.

On March 8, 2007, Plaintiff filed another request for an extension of time within which to file his amended complaint. Plaintiff requests an additional 120 days to file his amended complaint, and explains that such time is necessary to receive discovery and amend his complaint.

Plaintiff appears to have misunderstood the Court's November 13, 2006, order dismissing his complaint with leave to amend. Rather than requiring the names of specific defendants and other details (the information he contends the requested discovery will reveal), the Court required

1

Plaintiff to clarify his claims.  As explained in the order, it was unclear whether Plaintiff was alleging a Fourth Amendment violation or negligence.  His complaint lacked any factual support for his allegations and failed to state a claim under 42 § 1983.

The federal system is one of notice pleading.  Galbraith v. County of Santa Clara, 307 F.3d 1119, 1126 (2002).  "Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions.  Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512 (2002); Fed. R. Civ. P. 8(a).  Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a).  "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests."  Swierkiewicz, 534 U.S. at 512.  A court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations.  Id. at 514.  Discovery and summary judgment motions - not motions to dismiss - "define disputed facts" and "dispose of unmeritorious claims."  Id. at 512.  "'The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims.  Indeed it may appear on the face of the pleadings that a recovery is very remote and unlikely but that is not the test.'"  Jackson v. Carey, 353 F.3d 750, 755 (9th Cir. 2003) (quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)); see also Austin v. Terhune, 367 F.3d 1167, 1171 (9th Cir. 2004) ("'Pleadings need suffice only to put the opposing party on notice of the claim . . . .'" (quoting Fontana v. Haskin, 262 F.3d 871, 977 (9th Cir. 2001))).

Therefore, Plaintiff does not need allege specific details to meet the standard of notice pleading.  The Court indicated that Plaintiff failed to name any specific individuals in his complaint for the purpose of explaining that a section 1983 claim is one against a *person,* rather than an entity.  Plaintiff need not allege a defendant's exact name at this stage of the action, but must indicate that his complaint is against a person, i.e., a Doe defendant.[1]

Insofar as Plaintiff requests an order requiring the Fresno County Superior Court to

---

[1] A Doe defendant is used as a fictitious name until the defendant's real name can be ascertained.

respond to his discovery requests, his request is DENIED. The discovery phase of this litigation is not yet open. Plaintiff is directed to paragraph seven of the court's First Informational Order, filed November 8, 2006. In that order, plaintiff was specifically informed that he may not conduct discovery until defendants file an answer[2] and the court issues the discovery order. Accordingly, defendants are under no obligation to respond to plaintiff's discovery requests at this juncture. Moreover, as explained above, the information Plaintiff seeks is not necessary to file a sufficient complaint.

Plaintiff will be granted an additional 60 days within which to file an amended complaint. The Court will not grant the requested 120 days because discovery is not necessary. Plaintiff is advised that **this will be the final extension of time.** Plaintiff shall file an amended complaint within sixty (60) days of the date of service of this order. Failure to do so will result in a recommendation that this action be dismissed.

IT IS SO ORDERED.

Dated:    **March 13, 2007**               /s/ **Dennis L. Beck**
9b0hie                                     UNITED STATES MAGISTRATE JUDGE

---

[2] Defendants have not yet been served. The United States Marshal was directed to initiate service on defendants by order filed July 17, 2000.