# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| ARTHUR LITTLEFIELD, JR., | ) | 1:06cv1530 OWW DLB |
| | ) | |
| Plaintiff, | ) | FINDINGS AND RECOMMENDATION |
| | ) | REGARDING DISMISSAL OF ACTION |
| v. | ) | |
| FRESNO COUNTY SUPERIOR COURT | ) | |
| CLERK'S OFFICE, et al., | ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff Arthur Littlefield, Jr., ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action. Plaintiff filed his complaint on October 27, 2006. On November 13, 2006, the Court dismissed the complaint with leave to amend. After receiving two extensions of time, Plaintiff's amended complaint was due on May 16, 2007. As of the date of this findings and recommendation, Plaintiff has failed to file an amended complaint or otherwise communicate with the Court.

## DISCUSSION

Local Rule 11-110 provides that "failure of counsel or of a party to comply with these Local Rules or with any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court." District courts have the inherent power to control their dockets and "in the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal of a case." Thompson v. Housing Auth., 782 F.2d

829, 831 (9th Cir. 1986).  A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. See, e.g. Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995)(dismissal for noncompliance with local rule); Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); Carey v. King, 856 F.2d 1439, 1440-41 (9th Cir. 1988)(dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court apprised of address); Malone v. U.S. Postal Service, 833 F.2d 128, 130 (9th Cir. 1987)(dismissal for failure to comply with court order); Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986)(dismissal for failure to lack of prosecution and failure to comply with local rules).

In determining whether to dismiss an action for lack of prosecution, failure to obey a court order, or failure to comply with local rules, the court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives.  Thompson, 782 F.2d at 831; Henderson, 779 F.2d at 1423-24; Malone, 833 F.2d at 130; Ferdik, 963 F.2d at 1260-61; Ghazali, 46 F.3d at 53.

In the instant case, the court finds that the public's interest in expeditiously resolving this litigation and the court's interest in managing the docket weigh in favor of dismissal, as this case has been pending since October 27, 2006.  The third factor, risk of prejudice to defendants, also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action.  Anderson v. Air West, 542 F.2d 522, 524 (9th Cir. 1976).  The fourth factor -- public policy favoring disposition of cases on their merits -- is greatly outweighed by the factors in favor of dismissal discussed herein.  Finally, a court's warning to a party that his failure to obey the court's order will result in dismissal satisfies the "consideration of alternatives" requirement.  Ferdik v. Bonzelet, 963 F.2d at 1262; Malone, 833 at 132-33; Henderson, 779 F.2d at 1424.  The Court's November 13, 2006, order dismissing the complaint with leave to amend expressly stated: "Plaintiff is further advised that failure to file an amended

complaint consistent with this order may result in dismissal of the action." Thus, Plaintiff had adequate warning that dismissal would result from noncompliance with the Court's orders.

Accordingly, the court HEREBY RECOMMENDS that this action be dismissed based on Plaintiff's failure to obey the Court's November 13, 2006, order and for failure to prosecute this action.

### **RECOMMENDATION**

These findings and recommendations are submitted to the Honorable Oliver W. Wanger pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within thirty days after being served with these findings and recommendations, Plaintiff may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **May 24, 2007**            /s/ **Dennis L. Beck**
                                    UNITED STATES MAGISTRATE JUDGE

3