# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| ARTHUR LITTLEFIELD, JR., | ) | 1:06cv1530 OWW DLB |
| | ) | |
| Plaintiff, | ) | FINDINGS AND RECOMMENDATION REGARDING DISMISSAL OF CERTAIN DEFENDANTS |
| v. | ) | |
| OFFICER VIVEROS, OFFICER MIRAMONTES, et al., | ) | |
| Defendants. | ) | |

Plaintiff Arthur Littlefield, Jr., ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action. Plaintiff filed his complaint on October 27, 2006. Pursuant to Court order, Plaintiff filed his amended complaint on May 25, 2007. He names Fresno County Superior Court Clerk Jane Doe #1, Fresno Police Officers Viveros and Miramontes, and the Probation Department as Defendants.

DISCUSSION

A.  Screening Standard

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C.

1

§ 1915A(b)(1),(2); 28 U.S.C. § 1915(e)(2).  If the Court determines that the complaint fails to state a claim, leave to amend may be granted to the extent that the deficiencies of the complaint can be cured by amendment.  Lopez v. Smith, 203 F.3d 1122 (9th Cir. 2000) (en banc).

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief.  See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984), citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

B.   Plaintiff's Allegations

Plaintiff's amended complaint seeks damages for an allegedly unconstitutional search and seizure.  According to the amended complaint, Plaintiff was confronted by Fresno Police Department Officers Viveros and Miramontes on March 12, 2003, during a traffic stop.  After an identification check indicated that Plaintiff was on active felony probation and without Plaintiff's consent, the officers searched his vehicle and his person.  The Officers discovered contraband and charges were filed against him.  Plaintiff was detained from March 12, 2003, through August 8, 2003, when the hold against him was lifted and he posted bail on other charges.

On October 27, 2005, the results of an investigation into Plaintiff's alleged probation violation revealed that he was *not* on probation at the time of the March 2003 search.  Plaintiff therefore contends that the search violated his Fourth Amendment right to be free of illegal searches and seizures.  He further alleges that his due process rights were violated when Jane Doe #1, a clerk in the Fresno County Superior Court, incorrectly completed a minute order dated May 13, 2002, by indicating that Plaintiff was on probation.  It was this minute order, according to Plaintiff, that led to the incorrect conclusion that Plaintiff was on probation during the March 2003, search.

Plaintiff requests punitive damages in the amount of $100,000 for the allegedly unconstitutional search, as well as $500 per day for each of the 155 days that he contends he was improperly detained. He also requests punitive damages in the additional amount of $500,000 for violation of his constitutional rights based on the incorrect minute order that led to the unconstitutional search. Plaintiff specifically states that he is not challenging the conviction resulting from the search, but rather is challenging the constitutionality of the search itself.

C.      Section 1983 Claims

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Department of Social Services, 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). In order to state a claim for relief under section 1983, plaintiff must link each named defendant with some affirmative act or omission that demonstrates a violation of plaintiff's federal rights.

Insofar as Plaintiff names the Probation Department, he fails to name any specific individual(s) and fails to allege and link any individuals with an affirmative act or omission. Plaintiff simply alleges that the Probation Department violated his right to bail by placing a probation violation/no bail hold on him. Therefore, because Plaintiff has failed to name a "person" pursuant to section 1983, the Court recommends that Defendant Probation Department be DISMISSED from this action.

D.   <u>Immunity</u>

Court clerks have absolute quasi-judicial immunity from damages for civil rights violations when they perform tasks that are an integral part of the judicial process. <u>Mullis v. United States Bankruptcy Court</u>, 828 F.2d 1385 (9th Cir. 1987); <u>Morrison v. Jones</u>, 607 F.2d 1269, 1273 (9th Cir. 1979), <u>cert</u>. <u>denied</u>, 445 U.S. 962 (1980). Accordingly, Defendant Jane Doe #1, named in her capacity as a clerk of the Fresno County Superior Court, is immune from damages. Plaintiff makes no allegations that the clerk's actions in completing the minute order fell outside of the scope of actions that would entitled her to immunity. In fact, Plaintiff admits that it may have been a mistake. Although he mentions the word "malice," there is no indication that Jane Doe #1 acted in a way that would deny her immunity. Accordingly, the Court recommends that Defendant Jane Doe #1 be DISMISSED.

E.   <u>Officers Viveros and Miramontes</u>

As to Officers Viveros and Miramontes, the amended complaint appears to state a claim against them based on a Fourth Amendment violation. Accordingly, the Court recommends that service go forward against Officer Viveros and Officer Miramontes. The Court will instruct Plaintiff on service by separate order.

**RECOMMENDATION**

Accordingly, the Court HEREBY RECOMMENDS that Defendants Jane Doe #1 and Probation Department be DISMISSED. The Court further recommends that service go forward for Defendants Officer Viveros and Officer Miramontes.

These Findings and Recommendations are submitted to the Honorable Oliver W. Wanger pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within thirty (30) days after being served with these findings and recommendations, Plaintiff may file written objections with the

1  Court. Such a document should be captioned "Objections to Magistrate Judge's Findings and
2  Recommendation." Plaintiff is advised that failure to file objections within the specified time
3  may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th
4  Cir. 1991).

5      IT IS SO ORDERED.

6      **Dated:**   **June 12, 2007**            **/s/ Dennis L. Beck**
                                                          UNITED STATES MAGISTRATE JUDGE