# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| ARTHUR LITTLEFIELD, JR., | ) | 1:06cv1530 OWW DLB |
| | ) | |
| Plaintiff, | ) ) ) | ORDER DIRECTING PLAINTIFF TO FILE USM-285 FORMS |
| v. | ) | |
| OFFICER VIVEROS, OFFICER MIRAMONTES, et al., | ) ) ) | |
| Defendants. | ) ) | |

Plaintiff Arthur Littlefield, Jr., ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action. Plaintiff filed his amended complaint on May 25, 2007. By recent Findings and Recommendation, the Court has recommended that Defendants Fresno County Superior Court Clerk Jane Doe #1 and the Probation Department be dismissed. This order, then, pertains only to Fresno Police Officers Viveros and Miramontes.

DISCUSSION

A.   Screening Standard

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C.

1 § 1915A(b)(1),(2); 28 U.S.C. § 1915(e)(2).  If the Court determines that the complaint fails to
2 state a claim, leave to amend may be granted to the extent that the deficiencies of the complaint
3 can be cured by amendment.  Lopez v. Smith, 203 F.3d 1122 (9th Cir. 2000) (en banc).

4      A complaint, or portion thereof, should only be dismissed for failure to state a claim upon
5 which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in
6 support of the claim or claims that would entitle him to relief.  See Hishon v. King & Spalding,
7 467 U.S. 69, 73 (1984), citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also Palmer v.
8 Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing a
9 complaint under this standard, the court must accept as true the allegations of the complaint in
10 question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the
11 pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor.
12 Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

13 B.     Plaintiff's Allegations

14      Plaintiff's amended complaint seeks damages for an allegedly unconstitutional search and
15 seizure.  According to the amended complaint, Plaintiff was confronted by Fresno Police
16 Department Officers Viveros and Miramontes on March 12, 2003, during a traffic stop.  After an
17 identification check indicated that Plaintiff was on active felony probation and without Plaintiff's
18 consent, the officers searched his vehicle and his person.  The Officers discovered contraband
19 and charges were filed against him.  Plaintiff was detained from March 12, 2003, through August
20 8, 2003, when the hold against him was lifted and he posted bail on other charges.

21      On October 27, 2005, the results of an investigation into Plaintiff's alleged probation
22 violation revealed that he was *not* on probation at the time of the March 2003 search.  Plaintiff
23 therefore contends that the search violated his Fourth Amendment right to be free of illegal
24 searches and seizures.

25      Plaintiff requests punitive damages in the amount of $100,000 for the allegedly
26 unconstitutional search, as well as $500 per day for each of the 155 days that he contends he was
27 improperly detained.

28

The amended complaint appears to state a cognizable claim for relief under 42 U.S.C. § 1983.  Accordingly, IT IS HEREBY ORDERED that:

1. Service is appropriate for the following Defendants:

    Fresno Police Officer Viveros

    Fresno Police Officer Miramontes

2. The Clerk of the Court shall send Plaintiff two USM-285 forms, two summons, an instruction sheet and a copy of the amended complaint filed on May 25, 2007.

3. Within THIRTY (30) DAYS from the date of this Order, Plaintiff shall complete the attached Notice of Submission of Documents and submit the completed Notice to the Court with the following documents:

    a. Completed summons;

    b. One completed USM-285 form for each defendant listed above; and

    c. three copies of the endorsed amended complaint filed on May 25, 2007.

4. Plaintiff need not attempt service on Defendants and need not request waiver of service.  Upon receipt of the above-described documents, the Court will direct the United States Marshal to serve the above-named Defendants pursuant to Federal Rule of Civil Procedure 4 without payment of costs.

5. <u>The failure to comply with this Order will result in a Recommendation that this action be dismissed.</u>

IT IS SO ORDERED.

Dated:   **June 12, 2007**          /s/ **Dennis L. Beck**
                                    UNITED STATES MAGISTRATE JUDGE