UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| ARTHUR LITTLEFIELD, JR., | ) | 1:06cv1530 OWW DLB |
| | ) | |
| Plaintiff, | ) | ORDER DENYING PLAINTIFF'S MOTION TO AMEND |
| v. | ) | (Document 32) |
| FRESNO COUNTY SUPERIOR COURT CLERK'S OFFICE, et al., | ) | ORDER GRANTING PLAINTIFF AN EXTENSION OF TIME TO FILE OBJECTIONS |
| Defendants. | ) | |

Plaintiff Arthur Littlefield, Jr., ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this action. Plaintiff filed his complaint on October 27, 2006.

On December 5, 2007, the Court issued Findings and Recommendation that Defendants' motion to dismiss be granted. On January 14, 2008, Plaintiff filed a motion to extend time to file his objections. His motion is more akin to a motion to amend, however, as he explains that in July 2007, he attempted to file a second amended complaint based on discovery he received in June. According to Plaintiff, he gave the second amended complaint to Correctional Officer Huerta for mailing on July 6, 2007. He was transferred on July 31, 2007, to Solano State Prison and had been under the impression that his complaint was filed.[1]

---

[1] Although his address has been updated in this action, it was not a result of a notice of change of address. Plaintiff is reminded of Local Rule 83-183(b), which requires a party appearing pro se to keep the Court and opposing parties advised as to his current address.

1

Plaintiff alleges that the first time he discovered that the second amended complaint had not been filed was on December 10, 2007, when he received this Court's December 5, 2007, Findings and Recommendation that Defendants' motion to dismiss be granted. Because Plaintiff did not notify Defendants' counsel of his transfer, he was not served with their motion to dismiss.

Plaintiff now asks this Court to allow him to file his second amended complaint. He attaches a July 6, 2007, motion to amend that he purports to have sent to the Court along with his second amended complaint. In his motion, he explains that due to discovery he received on June 22, 2007, he requests that all allegations against Defendant Officer Miramontes and the Fresno Probation Department be dismissed. He further alleges that the second amended complaint states "a more definite and accurate claim as to the defendants in this matter" and the violations of his civil rights. The second amended complaint also adds Officer T. Miller and the Fresno County Superior Clerks Office as Defendants and attempts to keep the claims against the individual clerk, identified as Jane Doe # 1.

It is apparent from Plaintiff's pleading that his second amended complaint is an attempt to conform his complaint to both the June 12, 2007, Findings and Recommendation and the recent December 5, 2007, Findings and Recommendation. This of course, calls into question Plaintiff's claim that he attempted to mail the second amended complaint back in July. For example, the December 5, 2007, Findings and Recommendation explained that the Defendants were entitled to qualified immunity because there was no indication that they were not reasonable in relying on the information received from the dispatch report. Miraculously, Plaintiff's second amended complaint, which was allegedly completed in July, now includes allegations that the officers *were not* reasonable in their reliance on the dispatch report. It is obvious that Plaintiff is willing forgo honesty and allege anything necessary to keep his action alive. Plaintiff's motion to amend is therefore DENIED.

To ensure that Plaintiff has had an adequate opportunity to object to the December 5, 2007, Findings and Recommendation, and because it appears that Plaintiff was not served with the motion to dismiss because he failed to update his address, the Court will allow Plaintiff an ADDITIONAL THIRTY (30) DAYS from the date of service of this order to so do.

IT IS SO ORDERED.

Dated: **January 22, 2008**            /s/ **Dennis L. Beck**
                                    UNITED STATES MAGISTRATE JUDGE